IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02678-BNB

ERIC SCHWARTZ,

    Plaintiff,

v.

JENNY E. PADDOCK,
STANLEY L. GARNETT,
ELIZABETH KELLY, and
PATRICK BUTTLER,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Eric Schwartz, is an inmate at the Boulder County Jail in Boulder, Colorado. Mr. Schwartz has filed *pro se* a Prisoner Complaint (ECF No. 13). The court must construe the Prisoner Complaint liberally because Mr. Schwartz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Schwartz will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater*

*Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Schwartz indicates in the Prisoner Complaint that he is asserting claims for damages pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). The named Defendants are a police officer, the attorney representing Mr. Schwartz in a state court criminal case, the district attorney prosecuting Mr. Schwartz in the state court case, and a state court judge.

Mr. Schwartz fails to provide a short and plain statement of his claims showing he is entitled to relief because he fails to identify the federal claims he is asserting against Defendants and he fails to provide factual allegations in support of his claims

2

that specify how his federal rights have been violated.  Mr. Schwartz's conclusory assertions that Defendants have violated state criminal statutes and rules of professional conduct in connection with his state court criminal case do not demonstrate his federal rights have been violated.

Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Schwartz will be ordered to file an amended complaint that provides fair notice of the claims he is asserting if he wishes to pursue those claims in this action. Mr. Schwartz must identify, clearly and concisely, the specific federal claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  See *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the

defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").

Mr. Schwartz may not sue defense counsel in an action pursuant to § 1983 because defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Of course, a defense attorney engaged in a conspiracy with state officials to deprive his client of his constitutional rights does act under color of state law. *See Tower v. Glover*, 467 U.S. 914, 920-23 (1984); *Hunt*, 17 F.3d at 1268. However, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (per curiam). Furthermore, to the extent Mr. Schwartz may seek to demonstrate state action on the basis of an alleged conspiracy with state officials who themselves are entitled to absolute immunity, the pleading standard is even stricter. *See id.*

Mr. Schwartz also may not sue a state court judge or a prosecuting attorney in the absence of specific factual allegations demonstrating they acted outside the scope of their absolute immunity. Judges are absolutely immune from liability in civil rights

suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Finally, to the extent Mr. Schwartz may be asking the court to intervene in his ongoing state court criminal case, the court must abstain from exercising jurisdiction over those claims.  *See Younger v. Harris*, 401 U.S. 37, 44 (1971).  Accordingly, it is

ORDERED that Mr. Schwartz file, **within thirty (30) days from the date of this order**, an amended complaint that as directed in this order.  It is

FURTHER ORDERED that Mr. Schwartz shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Schwartz fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED October 28, 2014, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

Gordon P. Gallagher
United States Magistrate Judge