IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02678-GPG

ERIC SCHWARTZ,

      Plaintiff,

v.

JENNY E. PADDOCK,
STANLEY L. GARNETT,
ELIZABETH KELLY, and
PATRICK BUTLER,[1]

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE

---

      Plaintiff, Eric Schwartz, is an inmate at the Boulder County Jail in Boulder, Colorado. This matter is before the Court on the amended Prisoner Complaint (ECF No. 24) pursuant to 42 U.S.C. § 1983 filed *pro se* by Mr. Schwartz on November 21, 2014. The Court must construe the amended Prisoner Complaint liberally because Mr. Schwartz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

---

[1]Boulder County District Court Judge Patrick Butler's last name is misspelled throughout the amended Prisoner Complaint. The Court will use the correct spelling in this order.

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Schwartz's claims in the amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Section 1915A(b) requires dismissal of the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Prisoner Complaint in part pursuant to § 1915A(b) and in part pursuant to the *Younger* abstention doctrine.

Mr. Schwartz asserts three claims for relief in the amended Prisoner Complaint that are confusing and difficult to understand.  The named Defendants in the amended Prisoner Complaint are Boulder police officer Jenny E. Paddock, Boulder County District Attorney Stanley L. Garnett, defense attorney Elizabeth Kelly, and Boulder County District Court Judge Patrick Butler.

Mr. Schwartz alleges in his first claim that Ms. Kelly has prevented him from testifying in a state court criminal case against another individual and taken no action to assist Mr. Schwartz in his own pending state court criminal case, that Mr. Garnett has ignored requests from Mr. Schwartz and his attorneys to testify against the other individual, and that Officer Paddock committed perjury at Mr. Schwartz's preliminary hearing to keep Mr. Schwartz in custody and to prevent him from testifying against the other individual.  Mr. Schwartz alleges in his second claim that he is being denied a speedy trial in violation of his Sixth Amendment rights.  The second claim is asserted against Judge Butler, Ms. Kelly, and Mr. Garnett.  Mr. Schwartz alleges in his third claim

that Officer Paddock violated his rights by seizing his dog illegally and having the dog put down.

The Court first will address Mr. Schwartz's second claim, in which he alleges he is being denied a speedy trial, and the portion of his first claim in which he alleges Ms. Kelly has taken no action to assist him in his pending state court criminal case.  Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges."  *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Schwartz concedes that the state court proceedings are ongoing.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).  With respect to the third condition, Mr. Schwartz fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Schwartz "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where

irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  However, the fact that Mr. Schwartz will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Mr. Schwartz's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Schwartz fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success.  He also fails to demonstrate any improper motivation for the charges.  Finally, there is no indication that the criminal case against Mr. Schwartz has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.  Therefore, the Court finds that *Younger* abstention is appropriate with respect to Mr. Schwartz's second claim and the portion of his first claim in which he alleges Ms. Kelly has taken no action to assist him in his pending state court criminal case.

The Court next will address the portion of Mr. Schwartz's first claim in which he

4

contends he is being prevented from testifying against another individual in that individual's state court criminal case.  This portion of claim one will be dismissed as legally frivolous because Mr. Schwartz does not have a constitutional right to testify in any criminal case other than his own.

For these reasons, claims one and two in the amended Prisoner Complaint will be dismissed.  Because claims one and two in the amended Prisoner Complaint are the only claims asserted against Mr. Garnett, Ms. Kelly, and Judge Butler, those individuals will be dismissed as parties to this action.  The Court will not address at this time the merits of claim three in the amended Prisoner Complaint that is asserted against Officer Paddock.  Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that claims one and two in the Prisoner Complaint are dismissed pursuant to the *Younger* abstention doctrine and 28 U.S.C. § 1915A(b).  It is

FURTHER ORDERED that Defendants Stanley L. Garnett, Elizabeth Kelly, and Patrick Butler are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this __3rd__ day of ___February___, 2015.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court